DLD-129                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4406
_____

IN RE: CARLOS R. JAVIER MAYSONET,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 07-cv-4116)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 22, 2013

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 8, 2013)
_____

OPINION
_____

PER CURIAM

Carlos Maysonet, an inmate in Pennsylvania, has filed in this Court a "Motion in the

Nature of Petition for the Revival of Habeas Corpus Suspension," which has been docketed as

a petition for a writ of mandamus under 28 U.S.C. § 1651.  Maysonet is the petitioner in a

habeas corpus proceeding before the United States District Court for the Eastern District of

Pennsylvania.  <u>See</u> <u>Maysonet v. Commonwealth of Pennsylvania</u>, E.D. Pa. Civ. No. 07-cv-

4116.  Construed liberally, <u>United States v. Miller</u>, 197 F.3d 644, 648 (3d Cir. 1999) (citing

1

Haines v. Kerner, 404 U.S. 519, 520 (1972)), Maysonet's present petition appears to take issue with delays in the District Court's resolution of his habeas proceedings, and he seeks a writ of mandamus directing the District Court to issue a writ of habeas corpus and schedule a hearing.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks omitted). It is well-settled that the manner in which a District Court disposes of the cases on its docket is committed to its sound discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a district court's delay is tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

In this case, we conclude that the delay in the District Court, which stemmed from Maysonet's own request to hold the proceedings in abeyance, does not warrant the issuance of a writ of mandamus. Id. The District Court has recently exercised its jurisdiction by ordering that Maysonet be furnished with a copy of the current standard form for petitions under 28 U.S.C. § 2254, and we are confident that the District Court will rule on Maysonet's habeas petition without unnecessary delay.

Insofar as Maysonet may be objecting to the District Court's order requiring that he re-file the habeas petition on the proper form, or that he submit an inmate account statement, mandamus is not the proper vehicle to raise those objections. Maysonet can challenge the

District Court's interlocutory rulings by taking an appeal after entry of a final judgment, should an adverse judgment be entered against him. "In accordance with our respect for the final judgment rule, 'a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal.'" In re Baldwin, 700 F.3d 122, 127 (3d Cir. 2102) (quoting In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998)). A mandamus petition is not a substitute for an appeal. In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003).

For these reason, we will deny Maysonet's petition for a writ of mandamus.

3